UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of<br><br>VESTOLIT GMBH<br><br>and<br><br>CELANESE EUROPE B.V.,<br><br>*Applicants*,<br><br>To Obtain Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | Misc. No. 24-cv-01401-CFC |

## MEMORANDUM ORDER

Vestolit GmbH (Vestolit) and Celanese Europe B.V. (Celanese) have filed an *ex parte* Application pursuant to 28 U.S.C. § 1782 for an order to obtain discovery from Shell Chemical LP for use in an ongoing proceeding in a Dutch court.

Section 1782 "gives federal district courts the discretion to order discovery for foreign litigants, subject to three conditions: (1) the person from whom discovery is sought 'resides or is found' within the district; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by an 'interested person.'" *SPS Corp I, Fundo de Investimento em Direitos*

*Creditorios Nao Padronizados v. Gen. Motors Co.*, 110 F.4th 586, 590–91 (3d Cir. 2024). If these statutory conditions are satisfied, the decision to grant a § 1782 application lies within the district court's discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Court identified in *Intel* four factors relevant to that discretionary determination: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding" since such a person may possess evidence "unobtainable absent § 1782(a) aid"; (2) "the nature of the foreign tribunal," the "character" of the foreign proceedings, and "the receptivity" of the foreign court to federal "judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. "A court should apply these factors in support of § 1782's 'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018) (quoting *Intel*, 542 U.S. at 252).

Vestolit and Celanese state in their Application that they "seek this Court's authorization to serve targeted document and deposition subpoenas (attached in proposed form to the Gidley Declaration as Exhibits 1-3) from respondent Shell Chemical LP ('Shell Chemical'), an affiliate of the plaintiff in the Dutch

2

proceeding, Shell Chemicals Europe B.V. ('SCE'), and a real party in interest in the [Dutch] proceeding." D.I. 1 at 1.

In the normal course, I would grant the Application insofar as it seeks leave to serve the subpoenas attached as Exhibits 1 and 2 to Mr. Gidley's declaration (D.I. 6-1; D.I. 6-2). Those subpoenas are directed to Shell Chemical. One of the subpoenas calls for the production of documents relevant to the matters being litigated in the Dutch proceeding. The other subpoena calls for the designation and production of a representative to testify in a deposition about those matters pursuant to Federal Rule of Civil Procedure 30(b)(6). Shell Chemical is a Delaware limited partnership, D.I. 6-4, and thus it resides and can be found in this District. Vestolit and Celanese assert, and I have no reason to doubt, that they intend to use the information sought by the subpoenas in the Dutch proceeding. And Vestolit and Celanese are defendants, and thus "interested persons," in the Dutch proceeding. The § 1782 statutory conditions therefore appear to be satisfied. As for the *Intel* factors, they appear on balance to weigh in favor of requiring Shell Chemical to produce the information covered by the two subpoenas.

But I will not, at least not today, grant the Application in any respect because of the Application's request for leave for Vestolit and Celanese to serve the subpoena attached as Exhibit 3 to Mr. Gidley's declaration (D.I. 6-3). That

3

subpoena is *not* directed to Shell Corporation. Rather, it is directed to, and seeks the deposition of, Marla Kline. (Mr. Gidley states in his declaration that Ms. Kline is Shell Chemical's President, D.I. 6 ¶ 4.) I have no way of knowing if Ms. Kline resides or can be found in Delaware. The Application never mentions Ms. Kline. As noted above, the Application states that Vestolit and Celanese "seek this Court's authorization to serve targeted document and deposition subpoenas (attached in proposed form to the Gidley Declaration as Exhibits 1-3) *from respondent Shell Chemical LP*[.]" D.I. 1 at 1 (emphasis added). The Application also states in relevant part that "this Application meets the statutory requirements of § 1782 and should be granted. *First*, Shell Chemical is incorporated in Delaware and therefore is 'found' in this District for purposes of § 1782." D.I. 1 at 2 (emphasis in the original). The proposed order submitted with the Application also does not refer to Ms. Kline by name or title and states that "*Shell Chemical LP* shall produce the requested documents and testimony[.]" *See generally* D.I. 1-1; D.I. 1-1 ¶ 3 (emphasis added). The twenty-page memorandum of law Vestolit and Celanese submitted in support of the Application mentions Ms. Kline twice, but says nothing about her residency and says nothing that suggests that Ms. Kline can be found in Delaware. *See generally* D.I. 5. Instead, the memorandum states that "Shell Chemical 'resides' in the District of Delaware for purposes of § 1782 because its place of incorporation is the State of Delaware . . . . [and] "[t]he

4

Application *therefore* satisfies § 1782's first statutory condition," D.I. 5 at 14 (emphasis added), and "readily meets" and "easily satisfies" "§ 1782['s] statutory requirements." D.I. 5 at 3 (some capitalization removed).

I should not have had to read Exhibit 3 of Mr. Gidley's declaration to learn that Vestolit and Celanese wanted me to authorize them to depose Ms. Kline. I should not have been presented with an *ex parte* Application that purports to seek discovery solely "from Shell Chemical," when it in fact seeks discovery from Shell Chemical and from Marla Kline. And because the Application seeks discovery from Ms. Kline, I should not have been told in Vestolit and Celanese's briefing that "the Application" "easily" and "readily" satisfies "§ 1782's first statutory condition" based solely on Shell Chemical's status as a Delaware limited partnership. Finally, and in light of these failures, I should not have been presented with an order to sign that does not mention Ms. Kline and states that "Shell Chemical LP shall produce the requested documents and testimony," but that, had I signed it, would have authorized Vestolit and Celanese to serve a subpoena on Ms. Kline for deposition testimony.

A lawyer's duty of candor to the Court is most critical when the lawyer is asking the Court to issue an order based on *ex parte* submissions. The lawyers who practice in this Court are bound by the Model Rules of Professional Conduct. *See* Del. L. R. 83.6(d) (providing that "all attorneys admitted or authorized to

5

practice before this Court, including attorneys admitted on motion or otherwise, shall be governed by the Model Rules of Professional Conduct of the American Bar Association"). Under Model Rule 3.3(d), "[i]n an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Model Rules of Prof'l. Conduct R. 3.3(d) (italics added).

NOW THEREFORE, at Wilmington on this Fourteenth day of January in 2025, it is HEREBY ORDERED that:

1. On or before January 28, 2025, each of the seven lawyers whose name appears on the Application (D.I. 1) and on the memorandum filed in support of the Application (D.I. 5) shall show cause why that lawyer should not be deemed to have violated Model Rule 3.3(d). In each show-cause submission, the lawyer shall explain how that lawyer contributed to the Application and supporting memorandum and how much time that lawyer spent making that contribution.

2. On or before January 28, 2025, Vestolit and Celanese shall show cause why, given the manner in which the Application was presented to the Court, the Application should not be denied in toto.

    *Cf. Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995) ("Of course, if the district court determines that a party's

discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation.").

                                                                            */s/ Colm F. Connolly*
                                                                             Chief Judge