IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of | : |
| VESTOLIT GMBH | : |
| and | : C.A. No.: 1:24-cv-1401-CFC |
| CELANESE EUROPE B.V., | : |
| *Applicants*, | : |
| To Obtain Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | : |

**DECLARATION OF SAMUEL T. HIRZEL, II**
**IN RESPONSE TO JANUARY 14, 2025 MEMORANDUM ORDER**

I, Samuel T. Hirzel, II, declare as follows:

1. I am a Partner at Heyman Enerio Gattuso & Hirzel LLP ("HEGH"), Delaware counsel for Vestolit GmbH and Celanese Europe B.V. (the "Applicants") and a member in good standing of the Bar of the Supreme Court of Delaware and this Court.

2. I respectfully submit this Declaration in response to the Court's Memorandum Order, dated January 14, 2025 (D.I. 11). In the Memorandum Order, the Court ordered that "each of the seven lawyers whose name appears on the Application (D.I. 1) and on the memorandum filed in support of the

Application (D.I. 5) shall show cause why that lawyer should not be deemed to have violated Model Rule 3.3(d)." (D.I. 11). The Court further ordered that each lawyer "shall explain how that lawyer contributed to the Application and supporting memorandum and how much time the lawyer spent making that contribution." *Id.*

3. I regret that we were not clearer in the papers and failed to anticipate potential concerns regarding the subpoena for Ms. Kline in her capacity as the president of Shell Chemical LP. Nonetheless, I submit that we should not be deemed to have violated Model Rule 3.3(d).

4. On Friday, December 6, 2024, White & Case LLP ("White & Case") inquired about my availability to assist with a potential matter in this Court. A few days later, on December 11, 2024, White & Case circulated a draft Memorandum of Law in Support of *Ex Parte* Application for an Order Under 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding (the "MOL"), and we scheduled a conference call for later that day. I reviewed the draft MOL and a prior 28 U.S.C. § 1782 application filed by HEGH and the statute to refresh myself regarding the proceedings and necessary filings in advance of our call. The draft MOL included a reference to deposition topics to be answered by Shell Chemical LP's President Marla Kline and/or a FRCP 30(b)(6) witness but did not yet include the supporting declarations and exhibits. I did not record my time for this

preliminary work. Later that afternoon, I had a teleconference with White & Case regarding the nature of the potential new matter and logistics.

5. On December 19 and December 20, 2024, I reviewed draft papers including the draft *Ex Parte* Application for an Order Granting Leave to Obtain Discovery Under 28 U.S.C. § 1782 for Use in a Foreign Proceeding (D.I. 1, the "Application")), the Proposed Order (D.I. 1-1), the Civil Cover Sheet (D.I. 1-2), Rule 7.1 Corporate Disclosure Statements (D.I. 3 & 4), the MOL (D.I. 5), and the supporting declarations (D.I. 6 & 7). I focused my attention on the MOL, and specifically the updates to that document since my prior review. I did not identify any substantive concerns regarding the updated documents. I also responded to inquiries regarding the necessary filings in connection with the application and supervised the entry of final edits to those papers. We also prepared *pro hac vice* and ECF access papers, communicated with co-counsel regarding the assignment of the case, and provided courtesy copies to the filings.

6. Model Rule 3.3(d) provides that "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Model Rules of Prof'l Conduct R. 3.3(d). The commentary to the rule explains that a lawyer in an ex parte proceeding has a "duty to make disclosures of material

facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision." *Id.* 3.3(d), cmt. 14.

7.  I knew the following material facts regarding the subpoena to Ms. Kline (D.I. 6-3) for purposes of enabling the Court to make an informed decision regarding the Application pursuant to 28 U.S.C. § 1782 were as follows: (a) Shell Chemical LP is a Delaware entity, (b) Ms. Kline was the president of the Delaware entity, (c) Ms. Kline signed the Mandate Agreement (D.I. 7-7) in her capacity as the president of the Delaware entity, and (d) the Mandate Agreement assigned a substantial monetary claim on behalf of the Delaware entity. I did not (and do not) know where Ms. Kline "resides." The Mandate Agreement, however, was included with the filing and indicates that Ms. Kline executed the Mandate Agreement in Texas. (D.I. 7-7).

8.  The Memorandum Order (D.I. 11) notes that the Application (D.I. 1) states that the Applicants seek to obtain discovery "from Shell Chemical" without adding that they also seek discovery "from Marla Kline," the President of Shell Chemical. In retrospect, the Application should have made this point more clearly and directly. I am not aware, however, of any effort to conceal from the Court that the Applicants sought a deposition of Ms. Kline. The MOL (D.I. 5) submitted in connection with the Application disclosed that the Application sought a subpoena for Ms. Kline's deposition, in her capacity as the president of Shell Chemical LP,

4

because she was the human agent who signed the Mandate Agreement on behalf of the Delaware entity: (a) "applicants seek a subpoena for deposition testimony from Shell Chemical's President Marla Kline, who signed the Shell Chemical Mandate Agreement" (D.I. 5 at 12); and (b) "As noted, Shell Chemical's President, Marla Kline, signed the Shell Chemical Mandate Agreement, and therefore has substantive knowledge of that agreement and Shell Chemical's relationship with SCE." (D.I. 5 at 19). In addition to the MOL, Mr. Gidley's declaration states that it attaches a "copy of the subpoena Petitioners seek to serve on Marla Kline, President of Shell Chemical, signatory to the Mandate Agreement between Shell Chemical and SCE." (D.I. 6, ¶ 4). The subpoena attached to the declaration is addressed to "Marla Kline, President of Shell Chemical LP." (D.I. 6-3). Mr. Cornelissen's declaration attached a copy of the Shell Chemical Mandate Agreement, dated October 22, 2024, which is executed "by Marla Kline, President of Shell Chemical LP, a Delaware limited partnership, on behalf of said partnership." (D.I. 7-7 at 4). I was guided, in part, by my experience that the Delaware state courts have the power to compel a Delaware corporation to make its officers available for testimony in Delaware proceedings. *See, e.g., In re Dole Food Co., Inc. S'holder Litig.*, 110 A.3d 1257, 1262 (Del. Ch. 2015) ("Through its jurisdiction over a corporation, a court can compel the biological persons who serve as its directors, officers, and managing agents to appear as witnesses at trial

5

or for a deposition in a particular location."); *In re Activision Blizzard, Inc.*, 86 A.3d 531, 552 (Del. Ch. 2014) (similar). In short, I was not aware of any material facts that were omitted from the submissions to the Court, nor did I have a reasonable belief that the submissions lacked disclosures of material fact necessary to an informed decision on the Application.

9. Based on my time records, I recorded 2.2 hours to this matter as of December 30, 2024, but I estimate that I spent closer to 6 hours on the matter if I included the unbilled time

10. I regret that we were not clearer in the papers and failed to anticipate the Court's concerns regarding the subpoena for Ms. Kline. I am hopeful that these additional submissions will demonstrate our intent to meet our obligations to the Court and provide the information necessary to support the Application.

                                            Respectfully submitted,

                                            Samuel T. Hirzel, II (# 4415)
                                            HEYMAN ENERIO
                                            GATTUSO & HIRZEL LLP
                                            300 Delaware Avenue, Ste 200
                                            Wilmington, DE 19801
                                            (302) 472-7300
                                            shirzel@hegh.law