IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of | : |
| VESTOLIT GMBH | : |
| and | : C.A. No.: 1:24-cv-1401-CFC |
| CELANESE EUROPE B.V., | : |
| *Applicants*, | : |
| To Obtain Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | : |

## DECLARATION OF ELIZABETH A. DEFELICE IN RESPONSE TO JANUARY 14, 2025 MEMORANDUM ORDER

I, Elizabeth A. DeFelice, Esquire, being duly sworn according to law, depose and say as follows:

1. I am an attorney at Heyman Enerio Gattuso & Hirzel LLP, counsel for Vestolit GmbH ("Vestolit") and Celanese Europe B.V. (together with Vestolit, "Applicants") and a member in good standing of the Bar of the Supreme Court of Delaware and this Court.

2. I respectfully submit this Declaration in response to the Court's Memorandum Order, dated January 14, 2025 (D.I. 11), which orders that each lawyer whose name appears on the Application for an Order Under 28 U.S.C. §

1782 to Obtain Discovery for Use in a Foreign Proceeding (the "Application") (D.I. 1) and on the memorandum filed in support of the Application (D.I. 5) show cause why that lawyer should not be deemed to have violated Model Rule 3.3(d) of the Model Rules of Professional Conduct of the American Bar Association. The court further ordered that each lawyer "shall explain how that lawyer contributed to the Application and supporting memorandum and how much time the lawyer spent making that contribution." *Id.*

3. The Court notes that the Application and Order state that the Applicants seek to obtain discovery "from Shell Chemical" without stating that the Application also seeks discovery "from Marla Kline." (D.I. 11 at 5). In retrospect, the parties should have made clear on the face of the Application and Order that they were seeking to serve a deposition subpoena on Ms. Kline, and the memorandum of law should have addressed directly why this Court is authorized to issue such a subpoena under § 1782. I regret the oversight.

4. I understand that my firm was engaged on behalf of the Applicants to assist with preparing and filing the Application, which was submitted on December 20, 2024. I understand that the Application was prepared by attorneys from White & Case LLP ("White & Case"), counsel to Vestolit, with input from Wachtell, Lipton, Rosen & Katz LLP ("WLRK"), counsel to Celanese, who had been working on the underlying proceedings for some time prior to my firm's

2

involvement.

5. On December 20, 2024, I was asked to assist with preparing and filing the Application in this Court. In connection with this assignment, I received and reviewed drafts of the Application, the proposed Order (D.I. 1-1), the Civil Cover Sheet (D.I. 1-2), Rule 7.1 Corporate Disclosure Statements (D.I. 3 & 4), the Memorandum of Law in Support of the Application (the "MOL") (D.I. 5), and the supporting declarations.

6. My role in connection with the Application and the papers filed in support of the Application consisted primarily of reviewing near-final drafts, which I understood were prepared by White & Case. I further understood that counsel from WLRK and colleagues at my firm had reviewed and commented on earlier drafts. I was not the principal drafter of any of the papers, and my first involvement with the matter was on the day that it was filed with the Court..

7. To assist in preparing the papers for filing, I reviewed a prior Section 1782 application filed by my firm to identify the necessary filings to support the Application. I focused on ensuring that we had each of the necessary papers to support the Application and that the filings were prepared and formatted correctly under the Local Rules and practice. I reviewed each of the draft papers sent to me prior to the filing, including the MOL, and worked with my colleagues to supervise the entry of final edits to the MOL, the declarations, and the exhibits thereto. I

recorded a total of 0.8 hours spent assisting with the Application.

8. The material facts known to me about Ms. Kline are as described in the memorandum of law, the Declaration of Mark Gidley, and the subpoena directed to Ms. Kline herself—*i.e.*, that Ms. Kline was the president of Shell Chemical LP, "who signed the Shell Chemical Mandate Agreement" on behalf of Shell Chemical. (D.I. 5 at 12). The Declaration of Mark Gidley states that it attaches a "copy of the subpoena Petitioners seek to serve on Marla Kline, President of Shell Chemical, signatory to the Mandate Agreement between Shell Chemical and SCE." (D.I. 6, ¶ 4). The subpoena attached to Mr. Gidley's declaration is addressed to "Marla Kline, President of Shell Chemical LP." (D.I. 6-3).

9. I assumed that Ms. Kline, as an officer of Shell Chemical LP, could be found in the District of Delaware for purposes of § 1782 based on my experience that entities organized under Delaware law have the ability to make their officers available for testimony in Delaware. *See, e.g.*, *In re Dole Food Co., Inc. S'holder Litig.*, 110 A.3d 1257, 1262 (Del. Ch. 2015) ("Through its jurisdiction over a corporation, a court can compel the biological persons who serve as its directors, officers, and managing agents to appear as witnesses at trial or for a deposition in a particular location."); *In re Activision Blizzard, Inc.*, 86 A.3d 531, 552 (Del. Ch. 2014) (similar). This assumption was supported by the memorandum of law's

discussion of whether a deposition of Ms. Kline, as President of Shell Chemical, would impose an "unreasonable burden on Shell Chemical." (D.I. 5 at 19).

10. The parties' presentation of their request to depose Ms. Kline was regrettably not as clear as it should have been. Nonetheless, I am not aware of any deliberate effort to conceal that the Applicants were seeking to serve a deposition subpoena on Ms. Kline or to obfuscate whether Ms. Kline satisfies the "resides" or "is found" requirements of § 1782.

11. I regret that we failed to anticipate the Court's concerns regarding the subpoena to Ms. Kline. I hope that the additional submissions ordered by the Court will clarify the Applicants' request and demonstrate our intent to meet our ethical obligations to the Court and to provide the information necessary to make an informed decision about the Application.

Respectfully submitted,

*Elizabeth A. DeFelice*

Elizabeth A. DeFelice (# 5474)
HEYMAN ENERIO
GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
edefelice@hegh.law