# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of<br><br>VESTOLIT GMBH<br><br>and<br><br>CELANESE EUROPE B.V.,<br><br>*Applicants*,<br><br>To Obtain Discovery for Use<br>in a Foreign Proceeding<br>Pursuant to 28 U.S.C.<br>§ 1782 | Misc. No. 24-cv-01401-CFC |

## **MEMORANDUM ORDER**

In a Memorandum Order issued on January 14, 2025, I identified troubling deficiencies in the pending § 1782 Application, ordered counsel to "show cause why [they] should not be deemed to have violated Model Rule 3.3(d)," and ordered the Applicants to "show cause why, given the manner in which the Application was presented to the Court, the Application should not be denied in toto." D.I. 11 at 6.

I have reviewed the Response, D.I. 14, and affidavits filed in response to the Memorandum Order, D.I. 15; D.I. 16; D.I. 17; D.I. 18; D.I. 19; D.I. 20; D.I. 21. I accept counsel's apologies for the Application's deficiencies, am persuaded that

counsel did not intentionally withhold from the Court material facts in violation of Rule 3.3(d), and will, therefore, not deny the Application in toto.

I will, however, deny the Application insofar as it seeks leave for Vestolit and Celanese to serve a subpoena on Ms. Marla Kline. I will do so for two independent reasons.

First, as I noted in the Memorandum Order, neither the Application nor the briefing filed in support of the Application provided a basis to determine if Ms. Kline "resides or is found" in Delaware for § 1782 purposes. In their Response to the Memorandum Order, Vestolit and Celanese "submit that, based on the jurisdictional analysis endorsed in [*In re del Valle*] *Ruiz*, [939 F.3d 520 (2d Cir. 2019),] § 1782 permits the subpoena to issue to Ms. Kline as President of a Delaware entity when the discovery sought is limited to information regarding Ms. Kline's role as President of Shell Chemical and her specific actions to bind that entity to the terms of the Mandate Agreement." D.I. 14 at 14–15. The court held in *In re del Valle Ruiz* that the scope of "found" in § 1782 "extends to the limits of personal jurisdiction consistent with due process." 939 F.3d at 527. Assuming for argument's sake that this interpretation of "found" is correct,[1] Vestolit and

---

[1] Like the Fourth Circuit, I am "not persuaded by the *del Valle Ruiz* conclusion that 'found' means something other than its plain meaning." *In re Eli Lilly & Co.*, 37 F.4th 160, 167 (4th Cir. 2022). The plain meaning of "found" requires a physical presence. *Id.* at 162–67 (affirming district court's conclusion that a person is

2

Celanese have not provided me with sufficient facts to conclude that the Court can exercise personal jurisdiction over Ms. Kline consistent with due process. *See generally* D.I. 14 at 6. The Mandate Agreement was apparently signed in Texas, not Delaware. *See* D.I. 14 at 2, 10 (noting that the Mandate Agreement was notarized in Texas); D.I. 7-7 at 3 (Mandate Agreement). Thus, the only alleged connection Ms. Kline has with Delaware is the fact that she is the president of an entity that was legally formed in Delaware. Vestolit and Celanese have cited, and I know of, no case that has found jurisdiction over a person on that basis alone.

Second, even if this Court could have personal jurisdiction over Ms. Kline consistent with due process, I would exercise my discretion and deny the Application's request to subpoena Ms. Kline because of the seriousness of the deficiencies in the Application and supporting briefing I identified in the January 14, 2025 Memorandum Order. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (holding that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so"); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995) (noting that "if the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment,

---

"found" in a district for § 1782 purposes only if the person is physically present in that district).

3

or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation"). Although, as noted above, I am persuaded that counsel did not intentionally withhold material information from the Application and briefing, to countenance such deficiencies by simply ignoring them would send the wrong message to counsel in this case and to the bar. Lawyers' professional obligations are at their highest when they seek *ex parte* relief, and judges, especially in busy courts like this one, necessarily rely not only on counsel's honesty, but also on their diligence, in *ex parte* matters.

NOW THEREFORE, at Wilmington on this Tenth day of March in 2025, it is HEREBY ORDERED that:

1. The Application (D.I. 1) is GRANTED IN PART AND DENIED IN PART.

2. Vestolit and Celanese are GRANTED leave to serve the subpoenas seeking the production of documents and depositions in the forms attached to the Declaration of J. Mark Gidley as Exhibits 1 (D.I. 6-1) and 2 (D.I. 6-2).

3. The Application is otherwise DENIED.

4. Nothing in this order shall be construed to preclude Shell Chemical LP from timely moving to quash a subpoena or from challenging alleged deficiencies in the Application.

_____
Chief Judge